I concur in the main opinion. I write specially only to address a question of terminology.
The main opinion notes that the Ziades insist that "a person cannot die until they are born." Ziades' brief, at 32. This argument is necessary for the Ziades because, if Chris Ziade died at least four days before he was born, as the uncontradicted evidence indicates, then the wrongful-death action filed on his behalf fails as untimely filed. The implication of this argument is that there was not a person in being until Chris Ziade left the womb; therefore, he could not have died until the day of his birth. Because this is the argument, it is not surprising that the briefs of both parties repeatedly refer to Chris Ziade as "the fetus."[3] When both parties use a term in presenting their case on appeal, it is not inappropriate for this Court also to use that term, as the main opinion does.
Unfortunately, the term "fetus" has come to occupy a position in the cultural debate on abortion. Thus, the term "fetus" connotes that the unborn child[4] is, in *Page 1082 
the eyes of the law, not entitled to the full panoply of rights to which a "person" is entitled. Recalling a history in this country and elsewhere where "[s]ome . . . are more equal than others,"[5] it is not surprising that this connotation — that the unborn child does not have full human rights — is taken as a statement that the unborn child is somehow less than fully human, and it is therefore not surprising that the use of the term "fetus" often evokes a visceral reaction.
The recent amendment to Ala. Code 1975, § 13A-6-1, proposed by Act No. 2006-419, Ala. Acts 2006 (approved April 17, 2006), defines "person" to include an "unborn child." The legislature has thus recognized under that statute that, when an "unborn child" is killed, a "person" is killed. I would use the term "unborn child" to describe Chris Ziade at the time of his death.
NABERS, C.J., and STUART, SMITH, and PARKER, JJ., concur.
[3] The statutes addressed by the parties, to the extent those statutes use any such term, use some form of the term "fetus." See Ala. Code 1975, § 22-9A-1(2) (defining "fetal death"), and Ala. Code 1975, §§ 22-19-40 to -47 (defining the term "decedent" to include "a still-born infant or fetus"). Seealso Eich v. Town of Gulf Shores, 293 Ala. 95, 100,300 So.2d 354, 358 (1974) (holding "that the parents of an eight and one-half month old stillborn fetus are entitled to maintain an action for the wrongful death of the child").
[4] The statute under which the Ziades sue provides a cause of action for the wrongful "death of a minor child." See Ala. Code 1975, § 6-5-391. In Eich v. Town of Gulf Shores,293 Ala. 95, 300 So.2d 354 (1974), this Court impliedly held that a viable fetus is a "child" within the terms of that statute.
[5] George Orwell, Animal Farm 133 (Penguin Group 1996) (1946).